**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| JERMARCUS NASH, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  5:18-CV-00078-RWS-CMC |
| | § | |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## <u>ORDER</u>

Petitioner Jermarcus Nash, a prisoner currently confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court referred this matter to the Magistrate Judge under the applicable laws and orders of this Court.  The Magistrate Judge submitted a Report and Recommendation recommending the petition be dismissed without prejudice. Petitioner objects..

Petitioner was sentenced to eight years of imprisonment for aggravated robbery with a deadly weapon.  Due to the nature of his conviction, the petitioner is not eligible for release on mandatory supervision, but he is eligible for release on parole.

On April 26, 2018, the Texas Board of Pardons and Paroles denied the petitioner parole based on the following factors:  (1) the nature of the offense is such that the petitioner poses a continuing threat to public safety; (2) unsatisfactory institutional adjustment and (3) prior unsuccessful periods of adjustment while on some form of supervised release.  The petitioner filed this habeas petition challenging the decision of the Texas Board of Pardons and Paroles to deny

him parole.  The respondent argued that the petition was subject to dismissal pursuant to 28 U.S.C. § 2254(b) because he did not exhaust available state remedies before he filed his federal petition.

For a claim to be exhausted in Texas, it must be presented to, and ruled on by, the Texas Court of Criminal Appeals, either during the direct appeal process or in a collateral attack brought pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  Claims concerning parole can be raised in an Article 11.07 application for habeas relief.  *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000).  Because the petitioner had not filed a state application for habeas relief before he filed the federal petition, the magistrate judge recommended dismissing the petition.  In his objections, the petitioner contends that he filed an Article 11.07 state application in Bowie County after the Report and Recommendation was entered.  However, there is no indication that the state application has been ruled on by the Texas Court of Criminal Appeals.  Therefore, the petitioner's objection lacks merit.

Further, the petition itself lacks merit.  The petitioner is not entitled to habeas relief unless he has been deprived of a right secured to him by the United States Constitution or the laws of the United States.  *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  The petitioner argues that it is unfair for the Texas Board of Pardons and Paroles to consider the nature of the offense in the decision-making process.  This claim lacks merit because a prisoner does not have a constitutional right to release before the expiration of his sentence.  *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Parole decisions are necessarily subjective and predictive because there is no error-free way to make parole-release decisions.  *Id.* at 13.  Further, Texas law does not create a right or a constitutional expectancy of release on parole because parole decisions are within the unfettered discretion of the State.  *Teague v. Quarterman*, 482 F.3d 769,

774 (5th Cir. 2007); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Because the petitioner does not have a constitutionally protected right to release on parole, this petition for writ of habeas corpus lacks merit.

Finally, the petitioner objected to the magistrate judge entering a Report and Recommendation, and he advised the Court that he does not consent to proceed before the magistrate judge.  Citing Federal Rule of Civil Procedure 60(b)(6) and "Admiralty and Maritime jurisdiction," the petitioner argued that the referral to the magistrate judge should be vacated. Federal Rule of Civil Procedure 60(b)(6) and admiralty and maritime law do not provide any basis for the petitioner's claims.  Because this petition was properly referred to the magistrate judge for consideration of pretrial matters in accordance with 28 U.S.C. § 636 and this Court's Standing Order, the petitioner's objections to the referral lack merit.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

Additionally,the petitioner is not entitled to a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a

court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009).  If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling.  *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect.  The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**CONCLUSION**

Accordingly, the petitioner's objections (Docket No. 9) are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (Docket No. 7) is **ADOPTED**.  It is

**ORDERED** that Petitioner's claims are **DISMISSED WITHOUT PREJUDICE**.  A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 22nd day of May, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE